[No. 21190.   In Bank.—December 19, 1894.]

## EX PARTE J. A. BUCKLEY, ON HABEAS CORPUS.

HABEAS CORPUS—PETITION.—A petition for *habeas corpus* must be verified, and must allege facts showing an illegal imprisonment as distinguished from a statement of a conclusion from the facts; and when the ground of the petition is, that the prisoner has been committed without reasonable or probable cause, it must set out what the evidence on the examination was in such form that perjury may be assigned on false allegations.

ID.—CASE AFFIRMED.—*Ex parte Walpole*, 84 Cal. 584, affirmed.

ID.—SUFFICIENCY OF EVIDENCE UPON EXAMINATION.—Where the evidence produced upon the examination shows that the offense charged has been committed, and it cannot be said that it was insufficient to warrant the committing magistrate in holding the petitioner to answer, he will be remanded upon *habeas corpus.*

HEARING in the Supreme Court upon writ of *habeas corpus* against the sheriff of the City and County of San Francisco.

The facts are stated in the opinion of the court and in 84 Cal. 584, therein referred to.

*J. J. Guilfoyle*, and *Ben B. Haskell*, for Petitioner.

*District Attorney Wm. S. Barnes, contra.*

BEATTY, C. J.—The petition in this case is substantially the same as that in *Ex parte Walpole*, reported in 84 Cal. 584, where it was held that the matters alleged were insufficient to justify the issuance of the writ. But as some members of the court were in doubt as to the correctness of that decision, we concluded, after some hesitation, to treat this petition as sufficient, and issue the writ, to which the sheriff has made his return, showing that he holds the petitioner under and by virtue of a commitment based upon an order of a com-

mitting magistrate, holding him to answer for the offense of forging election returns and willfully substituting forged and counterfeit returns of an election in place of true returns, etc.

The evidence adduced upon the examination of the petitioner, with the exception of some exhibits consisting of the election returns in question and other documents, which are in the official custody of the registrar of voters, has been produced for our inspection, from which it appears that the offense above specified has been committed.

As to the person or persons who made the alterations, the evidence is less satisfactory, but we cannot say that it was insufficient to warrant the committing magistrate in holding the petitioner to answer.

Upon a reconsideration of the point decided in *Ex parte Walpole*, 84 Cal. 584, we are satisfied that it was correctly decided, and that the petition in this case was insufficient to call for the issuance of the writ.

The petitioner is remanded.

De Haven, J., McFarland, J., Garoutte, J., Van Fleet, J., and Harrison, J., concurred.